IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JIMMY ALLEN LOFTIN and AMANDA LOFTIN, individually and on behalf of KOA LOFTIN, Dec'd, KB MOBLEY, Dec'd, AMANDA LOFTIN, individually and on behalf of HD WEBB, Dec'd, and DL WEBB, Dec'd, <br>     Plaintiffs <br><br> vs. <br><br> WHIRLPOOL CORPORATION, <br>     Defendant. | § § § § § § § § § § § § § § §  NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW** the Plaintiffs, **Jimmy Allen Loftin and Amanda Loftin, individually and on behalf of their deceased minor children, KOA Loftin and KB Mobley,** and **Amanda Loftin, individually and on behalf of her deceased minor children, HD Webb and DL Webb**, complaining of **Whirlpool Corporation**, hereinafter called Defendant, and for cause of action would show unto the Court the following:

A. Parties

1. Plaintiffs Jimmy Allen Loftin and Amanda Loftin, individually and on behalf of their deceased minor children, KOA Loftin and KB Mobley, and Amanda Loftin, individually and on behalf of her deceased minor children, HD Webb and DL Webb, are residents of Tyler County, Texas.

2. Defendant Whirlpool Corporation is a corporation organized and existing under the laws of Delaware and doing business in the Eastern District of Texas. No formal service of process is necessary at this time.

### B. Jurisdiction

3. Pursuant to 28 U.S.C. §1332, the court has jurisdiction over the lawsuit because the plaintiff and the defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. All or a substantial part of the events or omissions giving rise to the claim occurred in Tyler County, Texas.

### C. Wrongful Death and Survival Causes of Action

4. Plaintiffs Jimmy Allen Loftin and Amanda Loftin, individually and on behalf of their deceased minor children, KOA Loftin and KB Mobley, and Amanda Loftin, individually and on behalf of her deceased minor children, HD Webb and DL Webb, Plaintiffs, brings forth a survival cause of action pursuant to Section 71.021 of the Tex. Civ. Prac. & Rem.Code.

5. Plaintiffs Jimmy Allen Loftin and Amanda Loftin, as surviving parents of KB Mobley and KOA Loftin, and Amanda Loftin, as surviving parent of HD Webb and DL Webb, each individually bring a wrongful death action pursuant to 71.004 Tex. Civ. Prac. & Rem. Code.

### D. Liability

6. On or about February 4, 2015, a defective Whirlpool dryer caused a fire at Plaintiffs' residence at 369 CR 4547, Spurger, Tyler County, Texas.

7. From the time the dryer was purchased until the time of the fire, the dryer was not materially altered or modified, and was used at all times material hereto as a residential dryer. The dryer caught fire in the pre-dawn hours of February 4, 2015, igniting the Plaintiffs' mobile home. KOA Loftin, KB Mobley, HD Webb and DL Webb were in their bedrooms when the fire broke out and died as a result of injuries sustained in the fire.

8. The incident and resulting injuries to Plaintiff were proximately caused by Defendant's negligence, as more fully described herein.

9. At all times material to this cause of action, Defendant Whirlpool engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, modifying, leasing and/or advertising household dryers. Defendant knew, or in the exercise of reasonable care should have known, the dryer would be used without inspection for defects in its parts, mechanisms and/or design, including safety design. Defendant placed the dryer and its defective and/or defective parts, design and notices into the stream of commerce by selling or otherwise distributing the product to suppliers and dealerships for monetary consideration.

10. Plaintiffs and their deceased minor children were injured by using the Whirlpool dryer in the manner intended and foreseen by the Defendant. The product was defective in that the dryer, including its component parts, failed to conform to the product design and specifications of other dryers designed for use as household dryers, and was defectively designed so as to render it unreasonably dangerous to Plaintiff due to its inherent but latent propensity to catch fire. An alternative design existed to provide a safer dryer at the time the product was designed, manufactured and distributed to the public. The safer alternative design would have prevented or significantly reduced the risk of fire without substantially impairing the Whirlpool dryer's utility or appearance. The safer alternative design was economically and technologically feasible at the time the product left the control of the Defendant by the application of existing or reasonably achievable scientific knowledge. The fire hazard made the basis of this lawsuit was inherently undiscoverable and objectively verifiable. The unsafe dryer was a producing cause of Plaintiff's injuries and damages.

11. For the reasons set forth hereinabove, the Whirlpool dryer used by Plaintiffs at the time of the accident was defective and unsafe for its intended purpose at the time it left the control of Defendant and at the time it was sold. Because of this, and the

inadequate warnings given by Defendant to Plaintiffs, Plaintiffs' children became trapped in the mobile home fire which, despite frantic attempts to rescue the children, ultimately resulted in the deaths of 8 year old KOA Loftin, 6 year old KB Mobley, 6 year old HD Webb, and 4 year old DL Webb. At the time of the incident, the Whirlpool dryer was unsafe for the ordinary use for which it was designed and represented to the public.

12.   The Whirlpool appliance in question was unreasonably and inherently dangerous and defective at the time it was designed, manufactured, distributed, sold, and/or supplied. At all times relevant to this action, Defendant engaged in the business of designing, selecting, marketing, distributing, selling, supplying and/or servicing the dryer in question and placed it in the stream of commerce. The defects of the dryer in question included defects in design, safety design, instructions and warnings. The dryer in question was in a defective condition at the time it left the control of Defendant and at the time it came into the control of the Plaintiff. The defective condition at the time in question, which made it unreasonably dangerous for the use of the general public and the Plaintiff, arose because of the miscarriage in the manufacturing process and/or because of its unsafe and inadequate design and/or because of the failure to adequately warn or instruct the general public and the Plaintiff as to its use and operation. The defects of the dryer in question were a producing cause of the incident and the injuries and damages sustained by the Plaintiffs. With respect to the design of the dryer in question, at the time it left control of Defendant there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of fire and injury. Furthermore, such safer alternative designs were economically and technologically feasible at the time the products left the control of Defendant by the application of existing or reasonably achievable scientific knowledge. These acts and omissions as described above were each a producing cause of the injuries and damages

of the Plaintiff.

13. Plaintiff invokes the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

14. Defendant Whirlpool and its respective agents, servants and employees, for whose acts such Defendant is in all things responsible, were negligent in designing, manufacturing, marketing, distributing, selling, maintaining and/or supplying the dryer in question. Defendant and its agents, servants and employees engaged in certain acts and omissions constituting negligence.

15. Such acts and omissions of Defendant Whirlpool include among others the follows:

   a. In failing to properly design the dryer in question;

   b. In failing to properly market the dryer in question;

   c. In failing to properly and timely provide notice to the public, directly and through its dealers, of the dryer's propensity to catch fire;

   d. In failing to properly and timely provide notice to the public, directly and through direct mailings, recalls, or otherwise, to advise Whirlpool dryer owners of its propensity to catch fire;

   e. In failing to properly and timely make reparations to the dryer in question, directly or through its dealers to notify the public of the fire danger and provide warnings to post in the dryer;

   f. In failing to properly and timely warn the Plaintiff and others, including the general public, of the inherently dangerous nature of the dryer in question to catch fire;

   g. In failing to observe, investigate and resolve indications of repeated problems with the house fires from dryers such as Plaintiff's;

   h. In failing to properly and timely make reparations to the dryer in question;

   i. In committing other acts and/or omissions that were the proximate cause of these damages.

16. Defendant expressly and/or impliedly warranted to the public generally, including Plaintiff, that the dryer in question was of merchantable quality and was safe and

fit for the purposes intended when used under ordinary conditions and in an ordinary manner. Defendant breached such warranties by providing the dryer in question when it was not safe and not fit for the purpose for which it was intended. Plaintiff relied on these express and/or implied warranties, and suffered damages as a result of the breach of such warranties. These breaches of warranty, among others, were a producing cause of the incident and the resulting injuries and damages of Plaintiff.

17. Plaintiff cannot more specifically allege the acts of negligent manufacture or design on the part of Defendant because facts in that regard are peculiarly within the knowledge of such Defendant. In the alternative, in the event Plaintiff is unable to prove specific acts of negligent design or manufacture, Plaintiff relies on the doctrine of res ipsa loquitur. In this connection, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the Whirlpool dryer was within the exclusive control of Defendant at the time the negligence probably occurred. Plaintiff had no means of ascertaining the method or manner in which the product was designed and manufactured, and it was in the same condition it was in when it left the control of Defendant. Thus, Defendant was negligent in the design and/or the manufacture of the Whirlpool dryer, which negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

18. Defendant Whirlpool put the dryer in question into the stream of commerce as its own product and represented to the general public that the dryer was a Whirlpool product sold under Whirlpool's brand name, even though it may have actually been designed and.or manufactured by one or more third parties; therefore, Whirlpool should be held liable as though it manufactured the subject dryer.

19. At all times material to this suit, Defendant manufactured, fabricated,

designed, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, leased, modified and advertised the subject Whirlpool dryer, and each and every component part thereof, which contained design and manufacturing defects in that same was capable of causing and did in fact cause personal injuries to the user and consumer thereof while being used in a manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by the consumer, user or bystander.

20. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein the Whirlpool dryer, and each and every component thereof, was defective in design when placed on the market by Defendant and was of such a nature that the defects would not be discovered in the normal course of inspection and operation of said dryer by users thereof. The Whirlpool dryer was in the same condition at the time Plaintiff was injured as it was when it was originally manufactured and at the time it was sold by the retailer. Defendant was negligent in selling, inspecting, servicing, repairing, marketing, warranting, leasing, modifying and advertising the subject Whirlpool dryer and each and every component part thereof, which such Defendant knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design.

21. Plaintiff invokes the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

### E.  Damages

22. As a proximate result of the occurrence made the basis of this suit, Plaintiffs' four children died frightening and painful deaths. Plaintiffs seek recovery for Decedent's conscious pain and suffering caused by Defendant's negligence. Plaintiffs have paid or incurred liability to pay the reasonable and necessary charges for funeral and burial.

23. Plaintiff Jimmy Allen Loftin was the father of KB Mobley and KOA Loftin.

Plaintiff Amanda Loftin was the mother of KB Mobley, KOA Loftin, HD Webb and DL Webb.

24. Plaintiffs were in the house when the fire broke out and attempted to save the four children from the fire, but were unable. They witnessed the fire and inability to rescue the children from the burning mobile home by sensory and contemporaneous observation thereof. As a direct and proximate result of experiencing and witnessing their attempts to save their children burning alive inside the mobile home, caused by the negligence and careless conduct of Defendant, Plaintiffs Jimmy Allen Loftin and Amanda Loftin suffered severe mental and emotional anguish, including mental and emotional pain, torment, suffering and despair.

25. As a direct and proximate result of the acts and omissions in question, Plaintiffs have suffered loss of economic and non-economic damages associated with the injuries. As a direct, proximate, and producing result of the conduct of the Defendant, as described above, Plaintiffs have suffered damages as follows:

- a. Physical pain and mental anguish sustained in the past;
- b. Physical pain and mental anguish that, in reasonable probability, Plaintiffs will sustain in the future;
- c. Physical impairment sustained in the past;
- d. Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future;
- e. Medical care expenses sustained in the past;
- f. Medical care expenses that, in reasonable probability, Plaintiffs will sustain in the future;
- g. Loss of wage earning capacity sustained in the past;
- h. Loss of wage earning capacity that, in reasonable probability, Plaintiffs will

sustain in the future; and

l.  Loss of consortium.

26. KOA Loftin was 8 years of age at the time of his death, was in good health, and enjoyed an active, industrious and energetic life. Plaintiffs Jimmy Allen Loftin and Amanda Loftin, as surviving parents, respectively seek and pray for the following damages:

   a. Loss of affection, companionship, comfort and solace which within reasonable probability each would have received from KOA Loftin, had he not suffered his untimely death.

   b. Loss of the father/child relationships, extreme grief, mental anguish and physical suffering experienced in the past and which in reasonable probability continue to suffer in the future as the proximate result of the untimely death of KOA Loftin.

   c. Loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that they, in reasonable probability, they would have received during his lifetime had KOA Loftin lived.

   d. Additionally, Plaintiffs assert a claim for pre-judgment interest for all elements of damages that such interest is allowed.

27. KB Mobley was 6 years of age at the time of his death, was in good health, and enjoyed an active, industrious and energetic life. Plaintiffs Jimmy Allen Loftin and Amanda Loftin, as surviving parents, respectively seek and pray for the following damages:

   1. Loss of affection, companionship, comfort and solace which within reasonable probability each would have received from KB Mobley, had he not suffered his untimely death.

   2. Loss of the father/child relationships, extreme grief, mental anguish and physical suffering experienced in the past and which in reasonable probability continue to suffer in the future as the proximate result of the untimely death of KB Mobley.

   3. Loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that they, in reasonable probability, they would have received during his lifetime had KB Mobley lived.

   4. Additionally, Plaintiffs assert a claim for pre-judgment interest for all elements of damages that such interest is allowed.

28. HD Webb was 6 years of age at the time of his death, was in good health,

and enjoyed an active, industrious and energetic life.  Plaintiffs Jimmy Allen Loftin and Amanda Loftin, as surviving parents, respectively seek and pray for the following damages:

- a. Loss of affection, companionship, comfort and solace which within reasonable probability each would have received from HD Webb, had he not suffered his untimely death.

- b. Loss of the father/child relationships, extreme grief, mental anguish and physical suffering experienced in the past and which in reasonable probability continue to suffer in the future as the proximate result of the untimely death of HD Webb .

- c. Loss of care, maintenance, support,  services, advice, counsel and contributions of a pecuniary value that they, in reasonable probability, they would have received during his lifetime had HD Webb  lived.

- d. Additionally, Plaintiffs assert a claim for pre-judgment interest for all elements of damages that such interest is allowed.

29. DL Webb was 4 years of age at the time of his death, was in good health, and enjoyed an active, industrious and energetic life.  Plaintiffs Jimmy Allen Loftin and Amanda Loftin, as surviving parents, respectively seek and pray for the following damages:

- a. Loss of affection, companionship, comfort and solace which within reasonable probability each would have received from DL Webb, had he not suffered his untimely death.

- b. Loss of the father/child relationships, extreme grief, mental anguish and physical suffering experienced in the past and which in reasonable probability continue to suffer in the future as the proximate result of the untimely death of DL Webb.

- c. Loss of care, maintenance, support, services, advice, counsel and contributions of a pecuniary value that they, in reasonable probability, they would have received during his lifetime had DL Webb  lived.

- d. Additionally, Plaintiffs assert a claim for pre-judgment interest for all elements of damages that such interest is allowed.

30. By reasons of all the foregoing, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

<u>Prayer</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial Plaintiffs recover judgment against Defendant for damages within the jurisdictional limits of this Court, awards of exemplary damages against each Defendant in a sum in excess of the minimum jurisdictional limits of this Court, as determined by the trier of fact, damages pursuant to Section 26, Article XVI of the Texas, prejudgment and postjudgment interest as provided by law, costs of suit, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, LLP**

By: _/s/ B. Adam Terrell_

**B. ADAM TERRELL**
Texas Bar No. 19790900
Post Office Box 350
Beaumont, TX  77704-0350
Phone:  (409) 838-0101
Fax:     (409) 832-2940
Email: baterrell@wgttlaw.com
E-SERVICE: bterrelldoc@wgttlaw.com

**LINDSEY B. WHISENHANT**
Texas Bar No. 09486900
130 South Charlton
Woodville, TX  75979
Phone:  (409) 283-2700
Fax No. (409) 744-1545
lbwlaw@hotmail.com

**ATTORNEYS FOR PLAINTIFFS**